**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | Case No.: 10-CV-01883-LHK |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION FOR DEFAULT JUDGMENT |
| KIM THUY HO, A/K/A KIM HUNG HO, INDIVIDUALLY DOING BUSINESS AS THOA CAFE, | ) ) ) ) | (re: docket #15) |
| Defendant. | ) ) ) ) | |

The Clerk of the Court entered default against Defendant Kim Thuy Ho, a/k/a Kim Hung Ho, doing business as Thoa Cafe ("Defendant"), after Defendant failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. Before the Court is Plaintiff J&J Sports Productions, Inc.'s motion for default judgment. Defendant, not having appeared in this action to date, has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. For the reasons discussed below, Plaintiff's motion for default judgment is GRANTED.

**I. DISCUSSION**

Plaintiff alleges that it owns exclusive commercial distribution rights to the pay-per-view program "The Battle of East and West: Manny Pacquiao v. Ricky Helton, IBO Light Welterweight Championship Fight Program" ("Program"), originally broadcast nationwide on May 2, 2009. Compl. ¶ 9. The program was unlawfully intercepted and exhibited by Defendant, at his commercial establishment ("Thoa Cafe") located in San Jose, California. *Id.* ¶ 12. On April 30, 2010, Plaintiff filed this action for violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and 47 U.S.C. §553, as well as violations of California law against conversion and California Business and Professions Code §17200. In the pending motion for default judgment, however, Plaintiff seeks damages only under §605 and for conversion.

Plaintiff requests $10,000 in statutory damages for violation of 47 U.S.C. §605(e)(3)(C)(i)(II), and $100,000 in enhanced damages for willful violation of 47 U.S.C. §605(e)(3)(C)(ii). Plaintiff seeks costs and attorney fees pursuant to 47 U.S.C. §605(e)(3)(b)(iii). Finally, with respect to its conversion claim, Plaintiff seeks $1,600, the amount Defendant would have been required to pay had he ordered the "Program" from Plaintiff. Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendant resides and does business in California), the Court shall proceed to review Plaintiff's motion for default judgment.

**1. Statutory Damages under Section 605(e)(3)(c)(i)(II)**

Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of §605(a), as the Court considers just. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho*, No. C-09-01435 RMW (N.D. Cal. Sept. 18, 2009) (citing cases).

Plaintiff submits evidence that a commercial license for the broadcast of the Program would have cost Defendant $1,600, based on Defendant's 80-person establishment capacity. *See* Affidavit of Joseph M. Gagliardi, President of J&J Sports Productions, Inc., Exh. 1. Alternatively, as to potential profits of Defendant, Plaintiff submits evidence that up to 68 patrons were present at Thoa Cafe at the time of the Program, and that there was no cover charge. *See* Affidavit of

2

1  Investigator John Poblete, attached to Mot. for Default Judgment.  As there is no evidence of how

2  much Defendant made during the unlawful exhibition of the Program, the Court shall base

3  statutory damages on the cost of the commercial license.

4        Accordingly, the Court finds that Plaintiff is entitled to $1,600 in statutory damages.

5  **2. Enhanced Damages under Section 605(e)(3)(C)(ii)**

6        Enhanced damages of up to $100,000 are available when the violation was committed

7  willfully and for the purpose of commercial advantage or private financial gain.  *See* 47 U.S.C.

8  §605(e)(3)(C)(ii).  In this case, there is no evidence that Defendant advertised the fight, charged a

9  cover charge, or had a minimum purchase requirement.  According to Plaintiff's investigator,

10  Defendant had 14 televisions, but it is not clear how many were displaying the Program.  *See*

11  Poblete Affidavit.  Plaintiff also submits that the broadcast was encrypted, and thus Defendant

12  "must have undertaken specific wrongful actions" to intercept the Program.  *See* Pl.'s Mot. for

13  Default Judgment at 4.  Although not egregious, these facts do suggest that Defendant acted

14  willfully for commercial advantage and private financial gain.

15        The $100,000 maximum damages available, however, are not warranted under these

16  circumstances.  Numerous courts in the Northern District of California have found a $5,000

17  enhancement proper when there was a relatively modest number of patrons and there was a cover

18  charge.  *See, e.g.*, *Garden City Boxing Club, Inc. v. Lan Thu Tran*, 2006 U.S. Dist. LEXIS 71116,

19  at *5-6 (N.D. Cal. Sept. 20, 2006) (Whyte, J.) (awarding $1,000 in statutory damages and $5,000 in

20  enhanced damages when 40 patrons were present and a $10 cover charge was imposed).  Here,

21  although no cover charge was imposed, the Court does view the $5,000 amount as a reasonable

22  enhancement.  However, Plaintiff has submitted a supplemental declaration advising the Court that

23  three additional actions have been brought against Defendant for similar violations, one of them

24  just last year before the Honorable Ronald M. Whyte awarding $5,000 in enhanced damages.  *See*

25  Supplemental Decl. of Thomas Riley ¶ 4.  The Court agrees with Plaintiff that a higher amount of

26  enhanced damages is appropriate given Defendant's multiple violations.

27        Accordingly, the Court finds Plaintiff entitled to $10,000 in enhanced damages.

28

### 3. Damages for Conversion

Plaintiff also seeks $1,600 damages for conversion under California Civil Code §3336. The elements of conversion are: 1) ownership of a right to possession of property; 2) wrongful disposition of the property right of another; and 3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). Here, Plaintiff's well-pleaded allegations regarding liability, which are taken as true now that the Clerk has entered default, are sufficient to entitle Plaintiff to damages. Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendant's unlawful interception, and damages. Compl. ¶¶ 23-26. Damages for conversion are based on the value of the property at the time of conversion. *See Arizona Power Corp. v. Smith*, 119 F.3d 888, 890 (9th Cir. 1941). Plaintiff seeks conversion damages in the amount of $1,600. As noted above, the commercial license would have cost Defendant $1,600, and thus Plaintiff's request is appropriate.

Accordingly, Plaintiff is entitled to $1,600 in damages for conversion.

### 4. Costs and Fees

Costs and reasonable attorney's fees are recoverable under 47 U.S.C. §605(e)(3)(b)(iii). Plaintiff's counsel did not attach an affidavit of attorney's fees and costs to Plaintiff's motion for default judgment. Accordingly, Plaintiff's counsel shall submit a curriculum vitae or resume, billing and cost records, and any other documents supporting his request for reasonable attorney's fees and costs by Friday, October 15, 2010.

## II. ORDER

For the reasons detailed above, Plaintiff's motion for default judgment is GRANTED. Judgment shall be entered in favor of Plaintiff J&J Sports Production, Inc. against Defendant Kim Thuy Ho, d/b/a Thoa Cafe in the amount of $13, 200 in total damages. Plaintiff's counsel shall file an affidavit of attorney's fees and costs by Friday October 15, 2010. The motion hearing currently scheduled for Tuesday, October 12, 2010 is VACATED.

**IT IS SO ORDERED.**

Dated: October 5, 2010

_____
LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-01883-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT