UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | Case No.: 10-CV-01883-LHK |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) ) | MOTION FOR ATTORNEY FEES AND COSTS |
| KIM THUY HO, A/K/A KIM HUNG HO, INDIVIDUALLY DOING BUSINESS AS THOA CAFE, | ) ) ) | (re: docket #18) |
| Defendant. | ) ) ) ) | |

Default judgment having been entered against Defendant, Plaintiff moves for reasonable attorney's fees and costs. *See* Pl.'s Mot. for Attorney Fees and Costs ("Pl.s's Fee Motion"), Dkt. #18. Good cause appearing, Plaintiff's motion is GRANTED.

**I. DISCUSSION**

In the Order Granting Plaintiff's Motion for Default Judgment (Dkt. #17), the Court determined that Defendant unlawfully intercepted the program "The Battle of East and West: Manny Pacquiao v. Ricky Helton, IBO Light Welterweight Championship Fight Program" ("Program"), originally broadcast nationwide on May 2, 2009. *Id*. at 1-2. As Plaintiff owned the exclusive commercial distribution rights to the Program, the Court found that Plaintiff was entitled to: (1) statutory damages of $1,600 under 47 U.S.C. §605(e)(3)(C)(i)(II); (2) $10,000 in enhanced

1

damages under 47 U.S.C. §605(e)(3)(C)(ii); and (3) $1,600 in damages for conversion under California Civil Code §3336.

The Court also noted that costs and reasonable attorney's fees are recoverable under 47 U.S.C. §605(e)(3)(b)(iii) to an aggrieved party that prevails. Plaintiff's counsel seeks $2,648.10 in attorney's fees. *See* Pl.'s Fee Motion at 4. Plaintiff's counsel supported this request with a declaration of billing summaries establishing billable hours spent on the case and hourly rates. *Id*. at 2-4. The Court finds that the hours spent and rates charged are reasonable, thus, Plaintiff's counsel is awarded these fees in full. *See, e.g.*, *Joe Hand Promotions, Inc. v. Piacente*, 2011 U.S. Dist. LEXIS 60676, *25 (N.D. Cal. Apr. 11, 2011) (finding $3,621.23 in attorney's fees reasonable where plaintiff established entitlement to $1,000 in statutory damages, $5,000 in enhanced damages, and $900 for conversion).

Under Civil Local Rule 54-3, an award of costs may include the clerk's filing fee and fees for service of process "to the extent reasonably required and actually incurred." Plaintiff's counsel seeks $1,020.00 in costs broken down as: $575.00 in investigative costs incurred prior to the initiation of the action; $350.00 for the complaint filing fee; and $95.00 for service of process charges. *See* Pl.'s Fee Motion at 4. However, Plaintiff has submitted no authority for the proposition that investigative fees incurred prior to the initiation of the lawsuit are taxable costs. *See Piacente*, 2011 U.S. Dist. LEXIS 60676, *26 (noting that "charges by a private investigator do not constitute taxable costs" under Civil Local Rule 54-3). Thus, Plaintiff is entitled to costs for the complaint filing fee and service of process charges totaling $445.00, but not for the $575.00 in investigative costs.

## II.  ORDER

Accordingly, the Court GRANTS Plaintiff's Fee Motion. Plaintiff's counsel is awarded $2,648.10 in attorney's fees, and $445.00 in costs.

**IT IS SO ORDERED.**

Dated: July 5, 2011

_____
LUCY H. KOH
United States District Judge

2

Case No.: 10-CV-01883-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS